ANGELUS CHAMBERS RICKENBAKER v. THOMAS C. RICKENBAKER

No. 7526DC781

(Filed 3 March 1976)

**Evidence § 27— tapped telephone lines — conversations inadmissible in alimony and child support action**

In an action for alimony without divorce and child custody and support, the trial court, pursuant to 18 U.S.C. 2510 *et seq.*, properly excluded evidence obtained by defendant husband as a result of tapping plaintiff wife's telephone where the evidence tended to show that defendant had the telephone company install a telephone in his name in the home of the parties prior to their separation, after defendant moved from the family home he had the telephone company connect an extension to the telephone in that home and install the extension in defendant's business office downtown, this extension phone was located in a locked closet and it was connected by the defendant to a noise-activated tape recorder, and all of plaintiff's telephone conversations in her home were recorded without her knowledge or consent.

ON *writ of certiorari* to review proceedings before *Robinson, Judge.* Order entered 10 June 1975 in District Court, MECKLENBURG County. Heard in the Court of Appeals 21 January 1976.

Plaintiff instituted this action against the defendant for alimony without divorce and child custody and support. In plaintiff's complaint she alleged that the defendant used alcohol to excess and consistently falsely accused the plaintiff of being unfaithful. Plaintiff further alleged that defendant offered her

indignities so as to render her condition intolerable and life burdensome.

Defendant denied the material allegations of plaintiff's complaint, but he admitted accusing plaintiff of immoral conduct. Defendant further alleged that plaintiff committed adultery with Warren L. Gravely, Jr. and also that she has "become enamored of one Henry A. Odese, one Richard Bruce Dobbins, one George McKinzie Roberts, and Perry Lee Carver." Defendant later filed a supplemental answer, and in paragraph 8, alleged that plaintiff committed numerous other counts of adultery with Wilton Smith, Harold Hinson, and Robert Balsey. In defendant's supplemental answer he specified the exact date and place of each alleged act of adultery.

Pursuant to 18 U.S.C. § 2515, plaintiff moved to suppress "all evidence on the trial of this cause resulting from the interception of wire or oral communications." A hearing was held on this motion, and plaintiff offered the testimony of defendant, defendant's secretary, and the secretary's husband.

Evidence presented tended to establish that the plaintiff resided in a house owned by defendant and her as tenants by entirety. A telephone was installed in defendant's name prior to the separation of the parties. The telephone listing remained in defendant's name, and he continued to pay the telephone bill, after he moved out of the home.

Even though defendant had moved from the family home he had the telephone company connect an extension to the telephone in that home and install the extension in defendant's business office downtown. This extension telephone was located in a locked closet and it was connected by the defendant to a noise-activated tape recorder. All of plaintiff's telephone conversations in her home were recorded, and the recordings were provided by defendant to a detective agency engaged to assist in obtaining evidence against plaintiff.

The trial judge concluded that conversations of the plaintiff had been unlawfully intercepted by defendant in violation of 18 U.S.C. 2510 et seq. Paragraph 8 of defendant's supplemental answer was stricken, and the judge further ordered that no evidence pertaining to the allegations of Paragraph 8 would be admitted at trial.

Defendant petitions the court by writ of certiorari to review the trial judge's order suppressing defendant's evidence.

*DeLaney, Millette and DeArmon, by Ernest S. DeLaney, Jr., and Ernest S. DeLaney III, for plaintiff appellee.*

*Warren C. Stack and Richard D. Stephens for defendant appellant.*

ARNOLD, Judge.

The wife (plaintiff) argues that evidence obtained by her husband (defendant) as a result of tapping her telephone should be excluded pursuant to 18 U.S.C. 2510 et seq. The husband contends that the federal statutes, being a part of the Omnibus Crime Control and Safe Streets Act, do not apply to the facts of this domestic matter. He further asserts that even if the federal act does apply the interception was accomplished through telephone equipment used in the ordinary course of business to bring him within the statutory exception.

18 U.S.C. § 2515 provides: "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter."

18 U.S.C. § 2511(1) makes the willful interception of wire or oral communication unlawful. 18 U.S.C. 2510(4) defines interception as "the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." Electronic, mechanical or other device "means any device or apparatus which can be used to intercept a wire or oral communication other than—(a) any telephone or telegraph instrument, equipment or facility, or any component thereof, (i) furnished to the subscriber or user by a communications common carrier in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business; or (ii) being used by a communications common carrier in the ordinary course of its business, or by an investigative or law enforcement officer in the ordinary course of his duties. . . . " 18 U.S.C. § 2510(5).

While defendant correctly contends that 18 U.S.C. § 2510 et seq. is a criminal statute it does not necessarily follow that

Rickenbaker v. Rickenbaker

the Act must apply only to criminal cases. The language in 18 U.S.C. § 2515 clearly excludes the contents of intercepted communications via telephone from being received in evidence in "any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter."

Evidence adduced at the hearing establishes that the following facts existed at the time of the electronic interception:

1. The parties were not living together as husband and wife.

2. The wife was living in the former marital home.

3. The husband electronically intercepted the wife's telephone communications.

4. The wife did not consent to or know of the electronic interception.

These facts must be examined to determine whether the husband's interception of the wife's telephone communications violated the Act under consideration.

Defendant maintains that the telephone extension involved was furnished to him as a "subscriber" by a "communications common carrier in the ordinary course of its business," and that the extension telephone was being used by defendant in the "ordinary course" of his business. The trial court found, however, that the defendant was not using the extension telephone in his office in the ordinary course of his business. This finding is clearly supported by the evidence which showed that the extension was located in a locked supply closet in defendant's office, and it was never used for anything other than recording communications going into plaintiff's home. Moreover, it was defendant himself who installed the recording device to this extension telephone and not the "communication common carrier in the ordinary course of its business."

Defendant also contends that the statute does not prohibit a spouse from intercepting telephone communications to the other spouse. He cites authority such as *Simpson v. Simpson*, 490 F. 2d 803 (Fifth Cir. 1974), and *Beaber v. Beaber*, 41 Ohio Misc. 95, 322 N.E. 2d 910 (1974), which would seem to

Rickenbaker v. Rickenbaker

allow interceptions within the "marital home" by recording devices located in the marital or family home. This case is distinguished from the facts in the cases cited by defendant. Undisputed evidence establishes that the marital home had ceased to exist, and there was no extension and recording device located inside the marital home. The recording device and extension were in defendant's office. *See Markham v. Markham,* 265 So. 2d 59, 62 (1972), where the Florida court reached a contrary result from cases cited by defendant and stated, "A husband has no more right to tap a telephone located in the marital home than has a wife to tap a telephone situated in the husband's office."

There are no circumstances in this case to bring defendant within any exceptions provided by 18 U.S.C. § 2510(5). Therefore, that portion of the order suppressing all evidence obtained from the defendant's electronic interception of plaintiff's telephone communications must be affirmed. However, that part of the order which prohibits the introduction of any evidence pertaining to the allegations of paragraph 8 of the supplemental answer is error and must be vacated. Evidence not resulting from the interception of the telephone communications may be available which would pertain to paragraph 8 of the supplemental answer.

The order is affirmed to the extent that it excludes all evidence resulting from the interception of plaintiff's telephone communications. The order is vacated to the extent that it excludes all evidence pertaining to the allegations of paragraph 8 of the supplemental answer.

Affirmed in part and vacated in part.

Judge PARKER concurs.

Chief Judge BROCK dissents.

BROCK, Chief Judge, dissenting.

I dissent from that portion of the majority opinion which affirms the suppression of defendant's evidence resulting from the interception of plaintiff's telephone communications.