**Mellanie LONDON, Plaintiff,**

v.

**Martin LONDON, Defendant.**

**No. 76 Civ. 18(MP).**

United States District Court,
S. D. New York.

Oct. 12, 1976.

Malcolm H. Bell, Norwalk, Conn., Charles J. Hecht, New York City, of counsel, for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant by Mark Alcott, New York City.

## OPINION

POLLACK, District Judge.

Defendant has moved for an order dismissing the complaint, under Fed.R.Civ.P. 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The parties have submitted affidavits which to the extent they are not in conflict have been considered together with the complaint. Rule 56.

■ This case is a supplement to the matrimonial disharmony of the parties over events in 1973–74, a period of their legal separation which culminated in a divorce in 1974. Using the statutory prohibitions against telephonic eavesdropping as a base for attack, the former wife of the defendant sues for damages charging that her phone talks with her eight year old daughter were unlawfully intercepted by her former husband's automatic answering device attached to his telephone from which the daughter was speaking. For the reasons appearing hereafter, the Court holds that the conduct complained of is not actionable.[1]

The complaint alleges that the parties were married in 1958; that a son, Jesse, was born to them in 1960 and a daughter, Lizbeth, was born to them in 1965; and that the parties were separated in 1972 and judicially divorced in 1974. Under the separation agreement between the parties, defendant retained custody of the children

---

1. The complaint contains, in addition to the claim asserted under 18 U.S.C. § 2520, pendent claims alleging violations of the New York Penal Law and New York Family Court orders. Because this Court has determined that the federal claim should be dismissed before trial, the state claims should also be dismissed and left for resolution to state tribunals. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

subject to plaintiff's right to seek custody privileges in some future proceeding.[2]

According to the complaint, on numerous occasions in 1973 and 1974 defendant caused conversations between plaintiff and Lizbeth which were conducted over the telephone in defendant's home to be intercepted and recorded. Defendant maintained an automatic telephone answering machine attached to his phone. A pre-recorded message would give a caller about 45 seconds to leave a message, and it would cut-off thereafter; this was announced to the caller and preceded by a "beep". To make the device record further one was required to turn a knob marked "record," which could be done with respect to any call.

The plaintiff asserts that the defendant told their son, Jesse, "to make the machine record beyond the normal answering period (when I believed it shut off), and he told Jesse to do that every time Jesse or Lizbeth talked to me. When I phoned Lizbeth or Lizbeth phoned me, Jesse would run to defendant's room and record the conversations."

■ The statutes on which plaintiff relies are 18 U.S.C. §§ 2511 and 2520. The former prohibits, *inter alia,* wilful interception of wire communications by "any person." The latter creates a civil cause of action in favor of "[a]ny person" whose wire communication is intercepted in violation of § 2511. Although the naked language of 18 U.S.C. §§ 2511 and 2520 seems to reach this case, this Court is of the opinion that Congress did not intend to proscribe the recording of calls made or received by a family member over one's own home telephone.

In *Simpson v. Simpson,* 490 F.2d 803 (5th Cir.), *cert. denied,* 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974), the defendant's interception and recording of his wife's conversations with a third party conducted over a telephone located in the parties' marital home was held not to be included within the proscription of 18 U.S.C. § 2520.

> Congress did not intend such a far-reaching result, one extending into areas normally left to states, those of the marital home and domestic conflicts. 490 F.2d at 805.

The Fifth Circuit, following an exhaustive review of the legislative history of 18 U.S.C. §§ 2510–2520, concluded that

> it is clear that Congress did not intend to prohibit a person from intercepting a family member's telephone conversations by use of an extension phone in the family home . . .. 490 F.2d at 809.

Except that in this case the interception was accomplished by a recording device instead of an extension phone, a distinction which this Court does not find to be controlling,[3] the present case falls squarely within the *Simpson* language.

The Court finds no significance in the fact that in *Simpson* the interception and recording took place in the marital home of the parties, whereas here it took place in the husband and children's home from which his wife had departed. What is important is that the *locus in quo* of the interception be a family home which the husband shares with some family member whose conversations are recorded. In *Simpson* the family member was the defendant's wife, so the family home was necessarily the marital home. In the present case the family member whose conversations were intercepted was defendant's daughter, and the family home was the residence she shared with her father. There is no apparent reason to distinguish

---

**2.** In January 1975 custody of Lizbeth was transferred to plaintiff by a state court.

**3.** 18 U.S.C. § 2510(5)(a)(i) excepts the acquisition of wire communications by means of telephone equipment furnished by a communications carrier from the definition of unlawful interception. In *Simpson* the defendant-appellee had used a recording device, and the Court stated

> If there is a convincing distinction between this clearly acceptable overhear [*i. e.* by use of an extension phone] and the overhear accomplished by appellee, we fail to see it. In fact, we think the (5)(a)(i) exemption is indicative of Congress's intention to abjure from deciding a very intimate question of familial relations, that of the extent of privacy family members may expect within the home vis-a-vis each other. 490 F.2d at 809.

between the interception of telephone calls in a marital home and interception in a parent-progeny home.[4]

Likewise, this Court finds no significance in the fact that in *Simpson* the plaintiff was the family member who had used the phone in the family home to converse with a third party, whereas here plaintiff is the third party. Having read the statute as not extending to the interception of calls by family members within the family home, it would be anomalous to conclude that although 18 U.S.C. § 2520 confers no cause of action in favor of the family member it does confer a claim on the other party to the call.

These views are not inconsistent with *Remington v. Remington*, 393 F.Supp. 898 (E.D.Pa.1975). In *Remington* it was held that allegations that the plaintiff's wife *in concert with others* intercepted and thereafter disclosed the plaintiff's private telephone conversations did state a claim for relief. The *Remington* Court, however, placed great emphasis on the fact that a private detective agency was involved in the interception, and noted its apparent agreement that Congress

> did not intend to provide a Federal remedy for persons aggrieved by the personal acts of their spouses committed within the marital home . . .. 393 F.Supp. at 901.

In the present case there is no allegation that a detective agency, or any other non-family member, was involved in the installation or use of the recording device.

Accordingly, the complaint is dismissed.

SO ORDERED.

---

4. *Cf.* the *Simpson* Court's reliance on the statement made by a witness at a congressional hearing on the instant statute that "I take it nobody wants to make it a crime for a father to listen in on his teenage daughter . . .," *quoted in* 409 F.2d at 809 n.17.