Malcolm H. BELL, Plaintiff,

v.

Martin LONDON, Defendant.

No. 83 Civ. 8134–CLB.

United States District Court,
S.D. New York.

Feb. 28, 1984.

Malcolm H. Bell, pro se.

Martin H. Gold, Gold, Farrell & Marks, New York City, for defendant.

MEMORANDUM AND ORDER

BRIEANT, District Judge.

By motion docketed January 23, 1984 and fully submitted upon receipt on February

23, 1984 of plaintiff's letter dated February 21, 1984, defendant moved ostensibly for an order pursuant to Rule 12(b)(6), F.R. Civ.P. dismissing the complaint in this diversity case for failure to state a claim.

With the acquiescence of both parties, the motion is being treated as a motion for summary judgment pursuant to Rule 56, F.R.Civ.P. to test defendant's contention that the claim sued upon is barred by the statute of limitations. Affidavits have been considered together with the oral concessions made January 6, 1984 at a prior conference in this case.

Plaintiff, an attorney suing *pro se* to recover legal fees, represented the former wife of the defendant in prior litigation in this Court. The action grew out of a matrimonial dispute. Mellanie London charged her former husband, defendant Martin London, a member of the bar of the State of New York, with having unlawfully taped certain of her telephone conversations with their children. The complaint was dismissed by Judge Pollack for failure to state a claim [*London v. London*, 420 F.Supp. 944 (S.D.N.Y.1976)]. This dismissal was affirmed by the Court of Appeals [*sub nom. Anonymous v. Anonymous*, 558 F.2d 677 (2d Cir.1977)] and an application for *en banc* reconsideration was thereafter duly denied.

■ The complaint alleges, and we must assume for purposes of the motion that shortly before the last day for the filing of a petition for *certiorari* to the Supreme Court of the United States in that case, which date was December 1, 1977, and in order to induce Mellanie London to refrain from filing such a petition, the defendant agreed with her to pay plaintiff's legal charges for his work in the federal court action. Mr. London denies making such a promise. Although oral, such a promise would be actionable under New York law and plaintiff has standing to sue as a third-party creditor beneficiary of the agreement under the well-known rule of *Lawrence v. Fox*, 20 N.Y. 268 (1859).

■ The complaint shows that all legal services were concluded, and any promise to pay, and the consideration given for that promise, were all completed prior to December 1, 1977. Under New York law the statute of limitations began to run on December 1, 1977 when the promise to refrain from filing was fully performed, and there was no need for a prior demand and refusal to pay. *Adams v. Fort Plain Bank*, 36 N.Y. 255 (1867).

■ The action was required by New York C.P.L.R. § 213(2) to be commenced within six years, or prior to December 2, 1983. Since this is a diversity case, the statute of limitations was not tolled except as provided by state law. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

Although the action was filed November 8, 1983 and summons issued on that date, formal personal service of the summons and complaint by a process server did not occur until January 3, 1984. On November 9, 1983, plaintiff mailed the summons and complaint, together with a proposed acknowledgment of receipt to London at his law office, acting pursuant to newly amended Rule 4(d)(8) of the F.R.Civ.P., which became effective October 1, 1983. This Rule provides in effect that service is complete when the person is served and his certificate to that effect is docketed and filed in the Clerk's Office.

■ It seems undisputed on this motion that London actually received the summons and complaint a day or so after mailing and well within the statute of limitations. Apparently he neither signed the proposed written acknowledgment of receipt, nor did he advise plaintiff of an intention not to do so. He merely remained silent. One may wonder whether, if some burly or scruffy professional process server had intruded in the presence of defendant's clients or law partners to slap him with timely process, the complaint then would have been that recourse should have been had to mail service. Service by mail avoids such confrontations and humiliations, and it lowers the cost of litigation. Service by mail should

be welcomed, and it seems to us *infra dig.* to convert a failure to complete such service, caused in part by defendant's own refusal to acknowledge receipt of that which he has in fact received, into a loophole to defeat justice and avoid a trial on the merits or lack thereof. And it is all the more so when that defendant is a leader of the bar of this City. Regardless of any technical failures, this defendant did receive personal service of process within the period of limitations.

 Our analysis turns next to whether, assuming that actual service is for some reason insufficient, the sixty day extension provided for by New York C.P.L.R. § 203(b)(5) is sufficient to toll the statute between December 2, 1983 and January 3, 1984 when formal service took place by professional process server.

Judge Weinfeld of this Court considered this point in *Somas v. Great American Ins. Co.*, 501 F.Supp. 96 (S.D.N.Y.1980). In that case, the Court held:

> "[T]he state provision for tolling the statute of limitations applies in diversity actions such as the instant one. In New York C.P.L.R. § 203(b)(5) grants plaintiff, in an action within New York City, the benefit of a sixty-day extension of the limitations period in which to serve defendant if plaintiff first files the complaint with the county clerk within the limitations period. * * * Thus, filing with this Court is deemed equivalent to filing with the county clerk for purposes of implementing the sixty-day extension. *Walker* [*v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)] instructs, as defendants correctly point out, that plaintiff's rights should be no greater in a federal than in a state court. Had plaintiff in the instant case elected to proceed in state court and filed with the county clerk within the limitations period, he would have received the sixty-day extension. Instead, he chose federal court and, having filed with this Court within the limitations period, also receives the benefit of the sixty-day extension. Plaintiff's rights are thus the same in federal as in state court. Because service upon defendants was effected within that sixty-day period, this action was timely commenced."

Defendant points to an unreported decision of another judge of this district, decided in 1981 without citing *Somas*. This Court is entitled to and does reject the reasoning in the 1981 case and follow Judge Weinfeld's view expressed in *Somas*, finding service adequate and the statute of limitations tolled under New York C.P.L.R. § 203(b)(5) even if it be assumed that the actual but incomplete or voidable prior service of process by mail was insufficient to toll the statute.

For the foregoing reasons the motion is denied. This action is respectfully referred to the Hon. Leonard A. Bernikow, United States Magistrate, for all pre-trial purposes.

So Ordered.