**Catherine A. HEGGY, a/k/a C.A. Heggy, Plaintiff,**

v.

**Tom HEGGY, Defendant.**

**No. CIV 88–1185–R.**

United States District Court, W.D. Oklahoma.

Sept. 20, 1988.

Gomer Smith, Jr., Oklahoma City, Okl., for plaintiff.

Stephen Jones, Jones, Bryant & Nigh, Enid, Okl., for defendant.

## ORDER

DAVID L. RUSSELL, District Judge.

Before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to F.R.Civ.P. 12(b)(6). The Complaint alleges that Defendant violated the federal wiretapping statute, Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2510 *et seq.,* by placing or causing certain other unknown person or persons to attach an electronic recording device to the telephone at Plaintiff's home and recording conversations between the Plaintiff and third persons without their knowledge or consent. See Complaint at ¶ 5. Plaintiff seeks relief therefor pursuant to 18 U.S.C. § 2520, creating a civil cause of action against one who violates or procures violation of the federal wiretapping statute.

As grounds for his motion, Defendant asserts that 1) the federal wiretapping statute was not intended to and does not apply to a spouse's placement of a recording device on phones within the marital home; and 2) the Complaint alleges a domestic dispute which public policy and traditional practice require be relegated to a state court. Defendant relies primarily upon *Simpson v. Simpson,* 490 F.2d 803 (5th Cir.), *cert. denied,* 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974), and *Anonymous v. Anonymous,* 558 F.2d 677 (2nd Cir.1977) to support the former argument and on *Kempf v. Kempf,* 677 F.Supp. 618 (E.D.Mo.1988) and *Lizza v. Lizza,* 631 F.Supp. 529 (E.D.N.Y.1986) to support the latter argument.

Plaintiff in response asserts that the view expressed in the *Simpson* case, that the wiretapping statute is inapplicable to interspousal phone tapping within the marital home, is a minority view, rejected by those circuits which have subsequently considered the issue. Plaintiff cites *Pritchard v. Pritchard,* 732 F.2d 372 (4th Cir.1984); *United States v. Jones,* 542 F.2d 661 (6th Cir.1976); and *White v. Weiss,* 535 F.2d 1067 (8th Cir.1976). Moreover, Plaintiff contends that the clear and unambiguous language of Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2510, makes the Act applicable to all wiretaps except those expressly excepted. Since interspousal wiretaps are not expressly excepted, the Act applies to the circumstances alleged herein, Plaintiff argues.

Initially, the Court observes that even though it may reasonably be inferred from the Complaint that Plaintiff and Defendant were married at the time of the alleged wiretapping, *see* Complaint at ¶ 7, it is not alleged in or inferable from the Complaint that Defendant was living in Plaintiff's home at the time of the alleged wiretapping. Accordingly, on the basis of the pleading alone, the Court could not say as a matter of law, under any of the authorities cited, that Plaintiff could prove no set of facts entitling her to relief. *Compare Simpson v. Simpson,* 490 F.2d 803 (no civil liability for a husband's taping of spouse's conversations within the joint home) *and United States v. Schrimsher,* 493 F.2d 848 (5th Cir.1974) (defendant's electronic interception and taping of telephone conversations of his lover, who was also the mother of defendant's child, from under the house was a criminal violation) *with United States v. Jones,* 542 F.2d 661 (defendant's electronic surveillance of his wife, from whom he was separated at the time, from outside the home, constituted a criminal violation). *See also Anonymous v. Anonymous,* 558 F.2d at 679. In short, a fact question is presented as to whether the alleged interception and recording in this case occurred while Defendant and Plaintiff shared a marital home.

Plaintiff, however, does not dispute that Defendant and Plaintiff were living together at the time of the alleged electronic surveillance and recording and argues that even if that was the case, the federal wiretapping statute applies and civil liability lies thereunder for Defendant's conduct. Accordingly, the Court addresses the legal issue of whether interspousal electronic

surveillance within the marital home is actionable under 18 U.S.C. § 2520.

Regardless of the factual distinctions that may be drawn on a case-by-case basis, there is a fundamental division between courts which have considered the issue of whether the federal wiretapping statute applies to interspousal surveillance and recording within the marital home. Two circuit courts and a number of district courts have held that it does not. *See Anonymous v. Anonymous*, 558 F.2d 677 (2nd Cir.1977); *Simpson v. Simpson*, 490 F.2d 803 (5th Cir.) *cert. denied*, 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974); *Platt v. Platt*, 685 F.Supp. 208 (E.D.Mo.1988); *Kempf v. Kempf*, 677 F.Supp. 618 (E.D.Mo. 1988); *Lizza v. Lizza*, 631 F.Supp. 529 (E.D.N.Y.1986). Three circuit courts and a number of district courts have held that the federal wiretapping statute applies to interspousal interception and recording in the marital home. *See Pritchard v. Pritchard*, 732 F.2d 372 (4th Cir.1984); *United States v. Jones*, 542 F.2d 661 (6th Cir.1976); *White v. Weiss*, 535 F.2d 1067 (8th Cir. 1976); *Nations v. Nations*, 670 F.Supp. 1432 (W.D.Ark.1987); *Flynn v. Flynn*, 560 F.Supp. 922 (N.D.Ohio 1983); *Heyman v. Heyman*, 548 F.Supp. 1041 (N.D.Ill.1982); *Kratz v. Kratz*, 477 F.Supp. 463 (E.D.Pa. 1979). *See generally* C. Fishman, *Wiretapping and Eavesdropping* § 25.1 (Cum. Supp.1988); Anno., 55 ALR Fed. 936. Neither the Tenth Circuit nor any court in this district has addressed the issue, although the Tenth Circuit has acknowledged that a private detective's interception and recording of the spouse's telephone conversations with the consent of the other spouse would constitute a violation of Title III of the Omnibus Crime Control and Safe Streets Act, which, by inference, would give rise to civil liability as well. *See Anthony v. United States*, 667 F.2d 870, 876 (10th Cir. 1981), *cert. denied*, 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982).

The Court has reviewed all of the above-cited cases and the language and legislative history of Title III of the Omnibus Crime Control and Safe Streets Act. The Court concludes that the better-reasoned cases, which are supported by the clear and unambiguous language of the statute, the lack of an express statutory exception for interspousal interceptions and recordings and Congressional intent discerned both from the language of the statute and the legislative history, hold that the federal wiretapping statute applies to interspousal surveillance within the marital home.

There is no question but that the "naked language" of the federal wiretapping statute reaches interspousal interceptions. *Simpson v. Simpson*, 490 F.2d at 805. "The language of § 2522(1)(a) quite clearly expresses a blanket prohibition on all electronic surveillance except under circumstances specifically enumerated in the statute...." *United States v. Jones*, 542 F.2d at 667. Congress carved out certain "definitional" exemptions, *see* 18 U.S.C. § 2510(5), and a number of specific exceptions, *see* 18 U.S.C. § 2511(2), to the statute's applicability, and has specified in what circumstances and by whom authorization for interception of wire, oral or electronic communications may be sought, the procedure therefor, from whom authorization may be obtained, and when and to whom disclosure of such may be made, *see* 18 U.S.C. § 2516, § 2517 and § 2518. But Congress did not create any exception for interspousal interceptions from either criminal or civil liability. *See* 18 U.S.C. § 2511(1)(a) & (b) and 18 U.S.C. § 2520. Yet legislative history makes it clear that Congress was well aware, prior to the enactment of the broad statutory prohibition on the interception of communications through electronic means, *see* 18 U.S.C. § 2511 and 18 U.S.C. § 2520, that one of the two or three major areas for the use of surveillance techniques was in divorce cases. *See* Hearings on Invasions of Privacy Before the Subcomm. on Administrative Practice & Procedure on the Judiciary, 89th Cong., 1st Sess., pt. 5 at 2261 (1965–66) (testimony of Senator Long, Chairman of the subcomm., quoted in part in *United States v. Jones*, 542 F.2d at 668 n. 12) and Hearings on The Right to Privacy Act of 1967 before the Subcomm. of the Senate Comm. on the Judiciary, 90th Cong., 1st Sess., pt. 2 at 413 (1967) (testimony of

Professor Robert Blakely, quoted in part in *United States v. Jones,* 542 F.2d at 669 & n. 14). Indeed, it appears that that Congress specifically intended Title III of the Omnibus Crime Control and Safe Streets Act to prohibit electronic surveillance in domestic relations situations or for use in marital litigation. *See* S.Rep. No. 1097, *reprinted in* 1988 U.S.Code Cong. & Admin.News 2274 (comments of Senator Hruska, one of the co-sponsors of the bill that became Title III, quoted in part in *Jones,* 542 F.2d at 669). *See also United States v. Jones,* 542 F.2d at 669 n. 16, *quoting* statements of various senators in the Congressional Record. Particularly in view of this legislative history, the Court finds the otherwise imperfect analogy to the exception afforded in Section 2510(5) of the Act employed by the court in *Anonymous v. Anonymous,* 558 F.2d 677, to be unpersuasive, and the implied exception to the federal wiretapping statute of interspousal interceptions in the marital home, created by some courts, to be an unwarranted intrusion upon Congressional prerogative. This Court holds that Title III of the Omnibus Crime Control and Safe Streets Act, specifically 18 U.S.C. § 2520 thereof, applies to interspousal wiretaps.

Because public policy concerning wiretaps, including interspousal wiretaps and civil liability therefor as an appropriate subject for federal litigation, *see* 18 U.S.C. § 2520, is clearly expressed in the federal wiretapping statute, the Court rejects Defendant's second argument as well.

Defendant's motion to dismiss is denied.

IT IS SO ORDERED.