STATE OF NORTH CAROLINA v. EDDIE LEE SHAW

No. 9016SC202

(Filed 18 June 1991)

**Criminal Law § 69 (NCI3d)— narcotics—recording of telephone conversation by family member—not admissible**

The trial court erred in a prosecution for felonious possession of a controlled substance by denying defendant's motion to suppress evidence seized pursuant to a search warrant based on a telephone conversation between defendant and another man which was tape recorded by the other man's mother. The mother's activity is prohibited by 18 U.S.C. 2510 *et seq.*, which states that any exceptions to its prohibitions are specifically provided. The statute makes no express exception for electronic surveillance between family members.

**Am Jur 2d, Searches and Seizures §§ 13, 24.**

**Admissibility, in criminal case, of evidence obtained by search by private individual. 36 ALR3d 553.**

APPEAL from order entered 13 November 1989 by *Judge I. Beverly Lake, Jr.,* in ROBESON County Superior Court. Heard in the Court of Appeals 27 September 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mary Jill Ledford, for the State.*

*Musselwhite, Musselwhite & McIntyre, by David F. Branch, Jr., for defendant-appellant.*

PARKER, Judge.

Defendant pled guilty to the charge of felonious possession of a controlled substance in violation of N.C.G.S. § 90-95(a)(3), reserving his right to appeal, pursuant to N.C.G.S. § 15A-979(b), the trial court's denial of his motion to suppress. Defendant based his motion to suppress one bag of psilocybin, a Schedule 1 substance, on the allegation that the search warrant leading to discovery of the evidence was based on information obtained in violation of federal wiretapping statutes. The trial judge denied the motion, holding that *Rickenbaker v. Rickenbaker*, 290 N.C. 373, 266 S.E.2d 347, *aff'g as modified* 28 N.C. App. 644, 222 S.E.2d 463 (1976), the leading case in this State upholding the suppression of evidence under the federal wiretapping statutes, was distinguishable. We find that *Rickenbaker* is controlling and that defendant's motion was improperly denied. We, therefore, reverse.

The search warrant in this case was issued to Detective John Moore. Detective Moore's application for the warrant and his accompanying affidavit relied on the contents of a tape-recorded telephone conversation between defendant and another young man to establish probable cause to believe that defendant was in possession of a controlled substance. The other man's mother had obtained the tape recording on her own initiative, apparently by attaching a microcassette tape recorder to a telephone extension line in her house. She called the police after listening to the recorded conversation, part of which involved the speakers' plans to get together about "shrooms," the street name for mushrooms (psilocybin). The mother played the tape for Detective Moore and identified the speakers as her son and defendant. Evidence at the suppression hearing suggested that the woman's son and defendant did not know about, and had not consented to, the taping of their phone conversation. Neither the mother nor defendant testified on *voir dire*.

The sole question on appeal is the legality under the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. 2510 *et seq.* (Title III), of the surreptitious tape recording of defendant's telephone conversation by the parent of his telephone partner and the admissibility of evidence obtained pursuant to a warrant issued on information contained in the audiotape. In *Rickenbaker*, the estranged husband had an extension line from the telephone in the marital home installed in a closet in his downtown office. Husband installed a recording device on this extension and, unknown

to his wife, recorded her telephone conversations. The Supreme Court reasoned that such interception did not fall within any of the exceptions to the wiretapping prohibitions enumerated in the statute, specifically the exception for telephone lines used "in the ordinary course of . . . business." 18 U.S.C. § 2510(5)(a)(i).

In *Rickenbaker* the Court based its holding on the express provisions of Title III, and stated unambiguously that Title III is to be interpreted from its plain language. "Where the statutory language is clear, there is no need to refer to legislative history." 290 N.C. at 382, 226 S.E.2d at 352.

*Rickenbaker* quoted 18 U.S.C. § 2515 in support of its decision that the husband's unconsented recordings had to be suppressed, unless his wiretapping fell within a stated statutory exception.

> No part of the contents of such communication and *no evidence derived therefrom may be received in evidence at any trial,* hearing, or other proceeding in or before any court . . . if disclosure of that information would be in violation of this chapter.

290 N.C. at 382, 226 S.E.2d at 352 (emphasis in original).

*Rickenbaker* also quoted the following language from Title III as relevant to its determination.

> [A]ny person who — (a) willfully intercepts . . . any wire or oral communication; . . . (b) willfully uses any . . . mechanical or other device to intercept any oral communication when — (i) such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication . . . shall be fined not more than $10,000 . . . .

18 U.S.C. § 2511(1) (1968). By implication, the Supreme Court held that "any person" means exactly what it says. And in fact the statutory definition of "person" includes "any individual." 18 U.S.C. § 2510(6).

Significantly, *Rickenbaker* did not follow the line of cases that the State now urges this Court to adopt as the better position in two opposing lines of federal authority. The cases preferred by the State involve tape recording in the home of telephone conversations of other family members. Analogizing recording from a home extension line to eavesdropping on an extension line, which is not prohibited by Title III, these courts have found such taping

not to violate Title III. *Anonymous v. Anonymous*, 558 F.2d 677 (2d Cir. 1977); *Simpson v. Simpson*, 490 F.2d 803 (5th Cir.), *cert. denied*, 419 U.S. 897, 42 L.Ed.2d 141 (1974); *Perfit v. Perfit*, 693 F. Supp. 851 (C.D. Cal. 1988); *London v. London*, 420 F. Supp. 944 (S.D.N.Y. 1976); *see also* Note, *All's Fair: No Remedy under Title III for Interspousal Surveillance*, 57 Fordham L. Rev. 1035 (1989) (authored by Cori D. Stephens). However, these cases give no satisfactory explanation for not including "any family member" within Congress' inclusive language of "any individual."

Consistent with this line of cases, the State argues that 18 U.S.C. § 2510(5)(a)(i) creates an exception for taping conversations within the privacy of one's own home. The exception in section 2510(5)(a)(i) is worded, however, as follows:

(5) "electronic, mechanical, or other device" means any device or apparatus which can be used to intercept a wire, oral, or electronic communication *other than —*

(a) *any telephone* . . . (i) furnished to the subscriber or user by a provider of wire or electronic communication in the ordinary course of its business *and being used . . . in the ordinary course of [subscriber's or user's] business*; or furnished by such subscriber or user for connection to [such] facilities. . . .

18 U.S.C. § 2510(5)(a)(i) (1988) (emphasis added). There was no evidence before the trial court that the mother used a microcassette recorder "in the ordinary course of business." Even if section 2510(5)(a)(i) were applicable to tape recorders when the exception refers only to "any telephone," there was also no evidence in this case that the electronic device was supplied to the mother "by a provider of [telephone] communication" in the ordinary course of its business.

The State concedes in its brief that Title III makes no express exception for electronic surveillance between family members. Because *Rickenbaker* directs us to interpret Title III by its express language, rather than by examination of legislative history or interpretation of congressional intent, the case law authority presented by the State is inapplicable in North Carolina to the facts in this case. The United States Supreme Court has similarly observed that "[t]he purpose of the [wiretapping] legislation . . . was effectively to prohibit . . . all interceptions of oral and wire comminications,

BASS v. N.C. FARM BUREAU MUT. INS. CO.

[103 N.C. App. 272 (1991)]

except those specifically provided for in the Act . . . ." *United States v. Giordano*, 416 U.S. 505, 514, 40 L.Ed.2d 341, 353 (1974).

We conclude, therefore, that the activity by the mother is prohibited by Title III, which states that any exceptions to its prohibitions are "specifically provided in this chapter." 18 U.S.C. § 2511(1). *See also Kempf v. Kempf*, 868 F.2d 970 (8th Cir. 1989); *Pritchard v. Pritchard*, 732 F.2d 372 (4th Cir. 1984); *United States v. Jones*, 542 F.2d 661 (6th Cir. 1976); *United States v. Harpel*, 493 F.2d 346 (10th Cir. 1974); *Heggy v. Heggy*, 699 F. Supp. 1514 (W.D. Okla. 1988); *Nations v. Nations*, 670 F. Supp. 1432 (W.D. Ark. 1987); *Kratz v. Kratz*, 477 F. Supp. 463 (E.D. Pa. 1979).

Reversed.

Judges JOHNSON and EAGLES concur.