John H. Doerr, J.
This is a motion by the defendant pursuant to GPL article 710, to suppress from use against him all evidence and the fruits thereof obtained as the result of the execution of a series of eavesdrop warrants.
Based thereon, the defendant has been arrested and charged with promoting gambling in the first degree, in violation of section 225.10 of the Penal Law, and possession of gambling records in the second degree in violation of subdivision 1 of section 225.15 of the Penal Law.
There is a series of eavesdrop warrants pertinent to defendant’s motion. The first two of these were warrants issued to investigate a crime punishable by no more than a year imprisonment. Conversations overheard on these two wiretaps formed the basis of the applications for further wiretaps in which were intercepted conversations which in turn provided the basis for the applications for the wiretaps in which the defendant’s conversations, here in issue, were overheard. Defendant bases his motion to suppress on the grounds that the first two eavesdrop warrants (which did not concern him nor any of his conversations) upon which the latter ones depend, were issued contrary to the requirements of the United States Code. Defendant contends that the pertinent provision, title 18 (§ 2516, subd [2]) of the United States Code, provides that an eavesdrop warrant may not validly issue for a substantive crime providing a punishment of no more than one-year imprisonment. Upon this basis, defendant submits that invalidity of the first two warrants invalidates the latter two warrants.
The threshold question here is that of standing — does the defendant have standing to raise the question of illegality in the execution of the first two warrants?
Title 18 (§ 2518, subd 10) of the United States Code provides:
"(a) Any aggrieved person * * * may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom, on the grounds that—
"(i) the communication was unlawfully intercepted;
"(ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
*93 "(iii) the interception was not made in conformity with the order of authorization or approval.”
An aggrieved party is defined by subdivision (11) of section 2510 as "a person who was a party to any intercepted wire or oral communicátion or a person against whom the interception was directed.”
It is clear, therefore, that the defendant Russell Amsden, is an "aggrieved person” with respect to his intercepted conversations — as defined by subdivision (11) of section 2510. Therefore, under section 2518 (subd [10], par [a]) he has standing to move to suppress his conversations. This motion to suppress would clearly have to be granted if the defendant’s communications were "unlawfully intercepted.”
Being an aggrieved party, the defendant can raise the question of any unlawful practice or procedure followed in the authorization of the wiretap directed against him. In other words, if there was any violation of procedure as set forth by statute, then, as provided for by section 2515 of title 18 of the United States Code, no part of the contents of any wire or oral communication intercepted and no evidence derived therefrom may be received "in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof’. (Emphasis added.)
A reading of title 18 (§ 2516, subd [2]) of the United States Code clearly indicates that only when an interception "may provide or has provided evidence of the commission of the offense of murder, kidnapping, gambling, robbery, bribery, extortion, or dealing in narcotic drugs, marihuana or other dangerous drugs, or other crime dangerous to life, limb, or property, and punishable by imprisonment for more than one year” (emphasis added) can a prosecuting attorney make application to the appropriate State court Judge for an order authorizing or approving the interception of such communication.
The language of the statute together with the punctuation therein, distinctly signifies that the legislative intent in drafting this statute was to authorize wiretaps only for those crimes punishable by imprisonment for a year or more. Thus, as previously pointed out by Erie County Judge Ernest L. Colucci, in his memorandum decision of February 22, 1973, in People v DiFiglia, the gambling referred to in title 18 (§ 2516, *94 subd [2]) of the United States Code, is gambling that may be punishable by imprisonment of a year or more.
Consequently, the fact that the first two warrants were issued only for the crime of promoting gambling in the second degree, which is a class A misdemeanor punishable by no more than a year imprisonment, rendered them defective in that they fell short of the statutory requirements of subdivision (2) of section 2516 of the United States Code.
But for the information acquired through the first two electronic surveillance orders, there would not have been any probable cause for the subsequent wiretap orders which ultimately provide the probable cause to authorize a wiretap on the phones which the defendant used and on which he was overheard.
In the opinion of this court the defendant’s communications were unlawfully intercepted because the interception under the first two wiretap orders, which lent color to the probable cause which provided the basis for the later wiretaps, were unlawful. The first two orders were solely for a crime punishable by no more than a year imprisonment and were therefor deficient. As a result section 2515 applies in that the evidence was derived in violation of the statute and could not be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, or other authority.
As a consequence, none of the evidence derived from the illegal wiretaps, nor its fruit, should be allowed to have been used to provide the probable cause for further wiretap orders and for the surveillance used to acquire the evidence against this defendant.
The motion by the defendant for an order of suppression is in all respects granted.