This is an appeal brought by Stephanie Stewart of the trial court's ruling granting custody of her minor son to her now ex-husband, Willie Stewart. We reject Stephanie's contention that the lower court erred by admitting into evidence an audiotape of her phone conversation with another woman in violation of Title III 18 U.S.C.A. § 2515 (1970), and we affirm.
 I.
Appellee, Willie David Stewart (hereinafter Willie) filed an action for divorce against appellant, Stephanie Marie Stewart (hereinafter Stephanie), in the Chancery Court of the First Judicial District of Hinds County, Mississippi, on April 22, 1991. He alleged habitual, cruel and inhuman treatment, and irreconcilable differences as grounds for the divorce. He further requested that he be awarded custody of the parties' minor child, Willie David Stewart, II (hereinafter Willie, Jr.). Stephanie counter-claimed for divorce and child custody on the same grounds. The parties separated on or about February 28, 1991, and have not lived or cohabitated together since that time.
At trial, Stephanie testified that she and a woman named Vanessa had a phone conversation wherein she referred to sexually explicit contact engaged in between the two of them. She testified that she had the impression that Willie had "rigged" the phone and she wanted to "give him an earful" for doing so. Having heard the tape of her conversation prior to trial, Stephanie testified that her voice was on the tape, as well as, that of Vanessa, and no words were put into her mouth on the tape. Stephanie further testified that although she made the statements, none of her comments were true; she neither wished to have sexual relations with Vanessa nor any other woman.
During his testimony, Willie attempted to offer the taped conversation into evidence. Opposing counsel objected on the basis that the recording violated 18 U.S.C.A. § 2515 and 18 U.S.C.A. § 2511(2)(d) (1970 Supp. 1994), as the conversation was taped without the consent of either party. Ruling the tape admissible, the court reasoned that Stephanie's statements were made with knowledge that the call was monitored for the purpose of Willie hearing and acting upon them, and with the knowledge of the person with whom she was talking (Vanessa).
Vanessa testified that although she is a lesbian, she never had an affair with Stephanie, never kissed her, and never made passes toward her. Vanessa admitted that her voice was on the tape and stated that she and Stephanie planned the conversation because "he [Willie] wanted to act silly (by taping the phone) so we just decided to play along with him."
The chancery court granted custody of Willie, Jr. to Willie. The court found that Willie was a fit, proper and suitable person to have custody of Willie, Jr. and that it would be in the best interest of the child to be placed with Willie.
 II.
"The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Century 21 Deep SouthProp. v. Corson, 612 So.2d 359, 369 (Miss. 1992). "Unless the trial judge's discretion is so abused as to be prejudicial to a party, this Court will not reverse his ruling." Id.
Stephanie contends that the lower court's grant of child custody to Willie should be *Page 1321 
reversed as the court erred by admitting the audiotape of her phone conversation with Vanessa into evidence pursuant to 18 U.S.C.A. § 2515. Stephanie bases her argument on three grounds. First, Stephanie argues that Title III applies to conversations taped by a spouse in the marital home. Second, Stephanie argues that she did not consent to the taping, so as to authorize the taping under 18 U.S.C.A. § 2511(2)(d). Third, Stephanie argues that the tape should not have been admitted into evidence because it was not authenticated pursuant to Mississippi Rules of Evidence.
Stephanie contends that Title III's prohibition against wiretapping is applicable to domestic relations cases, and is thus operative in the present case. United States v. Jones,542 F.2d 661 (6th Cir. 1976); and Heggy v. Heggy, 944 F.2d 1537
(10th Cir. 1991).
Section 2515 of 18 U.S.C.A. provides:
 Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.[1]
Willie contends that Title III's prohibition against wiretapping is inapplicable to domestic relations cases pursuant to decisions rendered by the Second and Fifth Circuits.Anonymous v. Anonymous, 558 F.2d 677 (2nd Cir. 1977); Simpsonv. Simpson, 490 F.2d 803 (5th Cir. 1974), cert. denied,419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974).
The reasoning of the Fifth and Second Circuits is persuasive in determining whether 18 U.S.C.A. § 2515 applies to domestic relations cases. The court in Anonymous, 558 F.2d at 677, recognized that Congress explicitly exempted such activity from coverage in 18 U.S.C. § 2510(5)(a)(i). In testimony before the House Committee to preserve the § 2510(5)(a)(i) exception in specific circumstances, it was stated "I take it nobody wants to make it a crime for a father to listen in on his teenage daughter or some such related problem". Id. at 679. Similarly, the court reasoned "nobody wants to make it a crime for a father to listen in on conversations between his wife and his eight-year-old daughter, from his own phone, in his own home." Id. The fact that the husband taped the conversations, which he permissibly overheard, is "a distinction without a difference." Id.
Here, as in Anonymous, Willie and Stephanie were married, co-habitated together in the same house, and both had access to the phones. Willie clearly would have been within his rights to pick up an extension phone and listen to Stephanie's conversation with Vanessa, as such conduct is explicitly exempted from Title III's wiretapping prohibition by 18 U.S.C.A. § 2510(5)(a)(i). Because Congress clearly exempted such conduct from the statute, it can rationally be inferred that § 2515 does not prohibit a person from taping a conversation, within his own home, that he is legally authorized to listen to by picking up an extension phone.
Assuming that Title III applies to this circumstance Stephanie contends that she did not consent to Willie's wiretapping so as to bring it within the 18 U.S.C.A. *Page 1322 
§ 2511(2)(d) consent exception authorizing wiretapping. Section 2511(2)(d) of 18 U.S.C.A. provides:
 It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.
Stephanie argues that consent must be clear and unequivocal in order to be authorized under § 2511(2)(d). She argues that her mere suspicion that there was a wiretap on her phone did not rise to the level of consent. Stephanie further argues that consent must be given through some affirmative action on her suspicion ranging from a search of the house to determine if a wiretap existed, to hiring an expert to electronically inspect the house. She argues that to derive consent from suspicion would be to derive consent by mere omission and inaction. Such a ruling would place the burden of consent on the non-offending party contrary to Congressional intent, in the passage of Title III, to gain some control over the electronic invasion of privacy rights.
Willie contends that Stephanie's actions rise to the level of consent so as to place the recording within the § 2511(2)(d) consent exception. He contends that consent can be derived from the following facts: Stephanie knew her phone conversation was being intercepted, her taped statements were made for the purposes of Willie hearing them and acting upon them, and they were made with Vanessa's knowledge. Willie contends that Stephanie's knowledge is further evidenced by her testimony that she knew she was being bugged and wanted to give her husband an earful for "playing a stupid, low game like that." Willie argues that consent can be derived from Stephanie's knowledge of the recording.
Stephanie's argument that she did not consent to being taped is without merit as consent to interception of a phone call may be inferred from knowledge that the call is being monitored or taped. United States v. Gomez, 900 F.2d 43 (5th Cir. 1990);United States v. Edmond, 718 F. Supp. 988 (DDC 1989); UnitedStates v. Abreu, 730 F. Supp. 1018 (D.Colorado 1990). See alsoUnited States v. Jones, 839 F.2d 1041 (5th Cir. 1988); andUnited States v. Kolodziej, 706 F.2d 590 (5th Cir. 1983).
Stephanie had knowledge that her conversation was being taped as evidenced by her testimony that she had the impression that Willie had "rigged" the phone and wanted to "give him an earful" for doing so. In fact, Stephanie and Vanessa planned the whole conversation for the purpose of Willie hearing and taping it. Thus Stephanie consented to the recording based on her knowledge that her conversation was being taped.
There is no merit to Stephanie's argument that the court should decline to find consent based on the vagueness of her actions. Substantial evidence supports the chancellor's conclusion that there was no vagueness in Stephanie's consent to the recording. Her actions of planning the conversation for the sole purpose of Willie hearing and recording them clearly establish consent.
Because Stephanie consented to the taping of her conversation, the trial court did not abuse its discretion by admitting Stephanie's taped conversation into evidence.
Stephanie also challenges the admissibility of the audiotape on the ground that Willie failed to properly authenticate the tape as required under Mississippi Rules of Evidence Rule 901 and 1002.
We have two responses to Stephanie's contention. First, the record evinces that the tape was authenticated at trial as Stephanie identified her and Vanessa's voice on the tape and testified that the tape was not edited so as to put words into her mouth.
Second, Mississippi Rule of Evidence 103 requires that a party opposing the admission of evidence make a timely objection or motion to strike stating the specific ground of objection. In addition, we have held that an appellate court will not consider an objection that evidence has been improperly admitted unless the question was raised and *Page 1323 
preserved in the trial court. Gillespie v. State, 215 Miss. 380, 61 So.2d 150, 152 (1952); Mississippi State Highway Com'nv. Robertson, 350 So.2d 1348 (Miss. 1977). As the record does not indicate that Stephanie made such an objection at trial, we will not consider Stephanie's objection presented for the first time on appeal.
For the foregoing reasons, we affirm.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
[1] The parties do not address the issue of whether 18 U.S.C.A. § 2515 applies to exclude evidence obtained in contravention of the statute in state trials. Our research indicates that, with the exception of one, our sister states have concluded that § 2515 excludes evidence in state trials obtained in contravention of the statute. Among those cases are Pulawski v. Blais,506 A.2d 76 (R.I. 1986); Rickenbaker v. Rickenbaker,28 N.C. App. 644, 222 S.E.2d 463 (1976); People v. Warner, 401 Mich. 186,258 N.W.2d 385 (1977); People v. Otto, 2 Cal.4th 1088,9 Cal.Rptr.2d 596, 831 P.2d 1178 (1992); State v. Farha,218 Kan. 394, 544 P.2d 341 (1975); State v. Mayes, 39 Md. App. 635,387 A.2d 794 (1978); People v. Amsden, 82 Misc.2d 91, 368 N.Y.S.2d 433
(1975); People v. McGrath, 86 Misc.2d 249, 380 N.Y.S.2d 976
(1976). In re Marriage of Lopp, 268 Ind. 690, 378 N.E.2d 414
(1978), is the sole case found that reasoned that issues of federalism should be considered when determining whether § 2515 prohibits evidence in state courts; however, the court in that case did not definitively decide the issue, as it based its holding excluding the evidence on other grounds.