KING, P.J.,
for the Court:
¶ 1. This is an appeal from a final judgment, and a denial of motion for reconsideration against Eleridge E. McCracking, Jr. (McCracking) in the Harrison County Chancery Court. McCracking was found in contempt of court for failing to pay adjudicated child support of $540 and medical expenses in the amount of $85.82. The court also granted Mrs. Vivian McCrack-ing Brown Champaigne (Champaigne) a judgment against McCracking in the amount of $625.82 and required that McCracking be responsible for certain counseling costs and attorney’s fees. Both parties were to refrain from speaking disparagingly of one another in front of the children. The court also suspended McCracking’s rights to visitation with one of the minor children. Aggrieved by the court’s ruling, McCracking has appealed and stated his issues as follows:
I. Whether the lower court abused its discretion in finding McCracking in contempt of court;
II. Whether the lower court abused its discretion by taking all of McCracking’s visitation rights with his eldest daughter;
III. Whether the lower court abused its discretion by ordering McCracking to pay child support for his eldest daughter of whom he had no legal custody or right to visitation, and who refused visitation with him;
IV. Whether the lower court abused its discretion by refusing to find Cham-paigne in contempt of court for refusing to allow visitation and failing to provide income tax information;
V. Whether the lower court committed reversible error by allowing an audiotape into evidence that was admittedly a copy that had been compiled by Champaigne from her home and office then dubbed to indicate the dates when the calls were made with no showing that the original was not available or that the copy was an authentic copy; and
VI. Whether the lower court committed reversible error by relying on a letter written by the psychologist appointed to give therapy to McCracking and his eldest daughter when the psychologist did not provide the therapy, but conferred with a clinical social worker who had interviewed them.
FACTS
¶ 2. The McCraekings were divorced on September 15, 1992. Mrs. Champaigne was awarded custody of the couple’s two minor children. There was one child, Rebecca, born of the marriage and Jessica, born to Mrs. Champaigne prior to the marriage but adopted by Mr. McCracking *589 during the marriage. Since their divorce, the parties have returned to court several times regarding the custody and support of the minor children.
¶ 3. By 1995, Jessica refused visitation with McCracking. As a result, the court entered an agreed order which (1) allowed Jessica to visit McCracking when she desired and (2) made Mrs. Champaigne responsible for Jessica’s support. In December 1996, McCracking filed a motion for contempt and modification seeking custody of the minor children. Mrs. Cham-paigne filed her response and counterclaim alleging continued harassment as well as failure to pay child support.
¶ 4. The court required psychological evaluations of Mr. McCracking, Mrs. Champaigne and Jessica and set this petition for an August 13, 1998 hearing. On November 5, 1998, the court ordered that Mrs. Champaigne have primary custody of the minor children and that Mr. McCrack-ing resume paying child support for both children in the amount of $775 per month.
¶ 5. After a June 11 and June 14, 1999 hearing on the parties’ respective requests for contempt citations, the chancellor temporarily suspended visitation between McCracking and Jessica pending their counseling by Dr. Simone, a psychologist. On September 30, 1999, the chancellor entered an order which (1) held McCracking in contempt for failure to pay child support and medical expenses; (2) suspended his rights to visitation with Jessica; and (3) detailed his visitation schedule with Rebecca.
ISSUES AND ANALYSIS
I.
Whether the lower court abused its discretion in finding McCracking in contempt of court.
¶ 6. McCracking argues that he was not in arrears on child support, and therefore should not have been held in contempt of court for an arrearage of child support nor for deducting twenty dollars per month from his support payments. McCracking alleges that under the order of January 18, 1995, he was allowed to deduct twenty dollars per month from child support payments as reimbursement for monies owed to him by Mrs. Cham-paigne. However, Mrs. Champaigne established that she had paid McCracking in full.
¶ 7. A party may not unilaterally alter or modify his child support obligation. Cumberland v. Cumberland, 564 So.2d 839, 847 (Miss.1990). Once child support payments are past due they become vested and cannot be modified. Thurman v. Thurman, 559 So.2d 1014, 1016 (Miss.1990). A citation for contempt is proper when “the contemner has willfully and deliberately ignored the order of the court.” Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss.1997). Child support obligations may be enforced by the court’s contempt powers. Lahmann v. Hallmon, 722 So.2d 614(¶ 19) (Miss.1998). However, inability to comply with the court’s order is a defense to an action for contempt. The court found that McCracking had not paid the requested child support, and that he was not unable to comply with the court’s order. This finding is supported by the record before this Court.
¶8. A citation for contempt is determined upon the facts of each case and is a matter for the trier of fact. Milam v. Milam, 509 So.2d 864, 866 (Miss.1987). It is committed to the sound discretion of the trial court, and this Court will not reverse where the chancellor’s findings are supported by substantial credible evidence. Ligon v. Ligon, 743 So.2d 404(¶ 5) (Miss.Ct.App.1999).
*590 II.
Whether the lower court abused its discretion by taking all of McCracking’s visitation rights with his eldest daughter.
III.
Whether the lower court abused its discretion by ordering McCracking to pay child support for his eldest daughter of whom he had no legal custody or right to visitation, and who refused visitation with him.
¶ 9. Because issues II and III are interwoven, we have addressed them jointly.
¶ 10. McCracking alleges that the suspension of his visitation with Jessica was a constructive termination of parental rights and an abuse of discretion. McCracking suggests that this constructive termination of parental rights was not supported by the evidence, and done without full regard for the respective rights of the parties.
¶ 11. Visitation and the restrictions placed upon it are within the discretion of the chancery court. Newsom v. Newsom, 557 So.2d 511, 517 (Miss.1990); Clark v. Myrick, 523 So.2d 79, 83 (Miss.1988). While visitation between parent and child is to be encouraged, Suess v. Suess, 718 So.2d 1126(¶ 15) (Miss.Ct.App.1998), it must always be governed by the best interest of the child. Id. The chancellor recognized a significant impairment of the relationship between McCracking and Jessica. In an effort to address this matter, the chancellor required that the parties attend and successfully complete parenting classes offered by the local mental health agency, or an equivalent program. The court also directed that when feasible, Jessica should be included in these counseling sessions.
¶ 12. The court found that McCracking failed to make a genuine effort to repair his relationship with Jessica, and accordingly directed a cessation of visitation. The chancellor mandated that, notwithstanding the cessation of visitation, McCracking was to continue providing support for Jessica. The court determined that while McCracking’s relationship with his eldest daughter had deteriorated, that did not relieve him of the responsibility to provide child support.
¶ 13. In Caldwell v. Caldwell, 579 So.2d 543, 548 (Miss.1991), the court stated that:
The amount of money that the noncustodial parent is required to pay for the support of his minor children should not be determined by the amount of love the children show toward that parent. The proper inquiry, as we have often stated, is what is in the best interest of the child. In reaching that conclusion, the chancellor must balance the needs of the child against the parent’s financial ability to meet those needs, (quoting Holston v. Holston, 58 Md.App. 308, 473 A.2d 459, 463 (1984), cert. denied, 300 Md. 484, 479 A.2d 372 (1984)).
The court noted that it was in the best interest of the child that she continue to receive child support from McCracking, and that the public policy of this State does not countenance the voluntary termination of parental rights for the sole purpose of avoiding child support.
¶ 14. The record supports the chancellor’s findings and this Court accordingly finds no abuse of the chancellor’s discretion.
IV.
Whether the lower court abused its discretion by refusing to find Champaigne in contempt of court for refusing to allow visitation and failing to provide income tax information.
¶ 15. McCracking alleges that the trial court should have found Mrs. *591 Champaigne in contempt of court for refusing to allow visitation and not providing income tax information. The chancellor made specific findings on each of these matters. Where the chancellor’s findings of fact are supported by substantial evidence, and not contrary to law, this Court is obligated to defer to them. Holloman v. Holloman, 691 So.2d 897, 898 (Miss.1996).
¶ 16. As to the issue of visitation, the chancellor stated:
Eleridge also states that Vivian denied him several visitations. Rather than going through the testimony, suffice it to say, his argument is technically plausible but equitably incorrect. Basically, the provision about holiday visitation relates an even year-odd year visitation schedule for the father, however, it fails to state, as would generally be implied in this jurisdiction, that the mother has the alternative schedule. Then he uses the weekend provision to state the mother denied him weekend visitation during three holidays.
¶ 17. On the issues of the tax information, the chancellor observed:
The Court did not find Mrs. Cham-paigne in contempt for her failure to furnish the tax information to the Defendant because her behavior, when compared to that of the Defendant, was relatively mild and did not warrant a contempt finding.
¶ 18. Because both of these findings are supported by substantial evidence, this Court finds no abuse of discretion in this assignment of error.
V.
Whether the lower court committed reversible error by allowing an audiotape into evidence that was admittedly a copy that had been compiled by Champaigne from her home and office then dubbed to indicate the dates when the calls were made with no showing that the original was not available or that the copy was an authentic copy.
¶ 19. McCracking alleges prejudice by entry of the audiotape into evidence and by allowing the witnesses to rely on its contents in forming their opinions of him and his relationships with his children, when the tape was not authenticated.
¶ 20. Mississippi Rules of Evidence 901(a) states that:
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
¶ 21. The tapes were introduced into evidence after counsel for both parties questioned Mrs. Champaigne regarding the origin of the tapes. The chancellor determined that the tapes complied with the evidentiary rules and allowed the tapes to be entered into evidence.
¶ 22. In Rushing v. Rushing, 724 So.2d 911(¶ 11) (Miss.1998), the court stated:
The relevance and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused.... Unless the trial judge’s discretion is so abused as to be prejudicial to a party, this Court will not reverse his ruling. Stewart v. Stewart, 645 So.2d 1319, 1320 (Miss.1994) (quoting Century 21 Deep S. Properties v. Corson, 612 So.2d 359, 369 (Miss.1992)).
*592 Finding no abuse of that discretion, we hold this issue to be without merit.
VI.
Whether the lower court committed reversible error by relying on a letter written by the psychologist appointed to give therapy to McCracking and his eldest daughter when the psychologist did not provide the therapy, but conferred with a clinical social worker who interviewed them.
¶ 23. McCracking contends that the court erred in relying on a letter written by a psychologist who did not provide therapy to McCracking and Jessica together. McCracking argues that the letter was the basis of the court’s opinion that all visitation should stop.
¶ 24. This is expert testimony and covered by Rules 702 and 703 of the Mississippi Rules of Evidence, which provide:
Rule 702. Testimony by Experts
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Rule 703. Bases of Opinion Testimony by Experts
The facts or data in the particular ease upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert’s opinion substantially outweighs their prejudicial effect.
Because Rule 703 specifically allows expert opinion to be based upon second hand information, this issue is without merit.
¶ 25. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.