743 So.2d 404 (1999)
Sherri Faye (Ruby) LIGON, Appellant,
v.
Robert Knox LIGON, Jr., Appellee.
No. 98-CA-00190-COA.
Court of Appeals of Mississippi.
May 4, 1999.
*405 John Thomas Lamar, Jr., Senatobia, Attorney for Appellant.
H.R. Garner, Hernando, David Fitzgerald Linzey, Jackson, Attorneys for Appellee.
BEFORE BRIDGES, C.J., COLEMAN, AND IRVING, JJ.
BRIDGES, C.J., for the Court:
¶ 1. Sherri Faye Ruby Ligon (Sherri) appeals to this Court from a judgment of the Chancery Court of DeSoto County which denied the petition for change of custody filed by Robert Knox Ligon, Jr. (Robert) and the petition for citation for contempt filed by Sherri. Aggrieved by the chancellor's ruling, Sherri argues that the court erred (1) in finding the previous child support order to be an unenforceable escalation clause, (2) for failing to find appellee in contempt of court for failure to pay child support and for failing to award a judgment for past due support, (3) for failing to award attorney fees to appellant, and (4) by declaring the oldest child to be emancipated in April 1997 and ordering appellant to reimburse child support. Finding no error in the proceedings below, we affirm.

FACTS
¶ 2. Robert and Sherri were granted a divorce in the Chancery Court of DeSoto County, Mississippi on June 8, 1992. The court awarded Robert custody of their three minor children. On December 8, 1995, the court modified the divorce decree and awarded custody of the three minor children to their mother, Sherri. Robert was ordered to pay child support in the amount of $100 per month per child or twenty-five percent of his adjusted gross income, whichever is greater. After this modification, all child support was paid through an automatic withholding order, which was adjusted by the Mississippi Department for Human Services for DeSoto County, Mississippi.
¶ 3. On July 15, 1997, Robert filed a petition for change of custody. Robert's basis for this petition was that a substantial and material change had occurred because the oldest child had become fully emancipated and the two minor children were not being sufficiently cared for. On August 14, 1997, Sherri filed a cross petition for contempt for failure to pay child support on twenty-five percent of his adjusted gross income and attorney's fees.[1] The chancery court determined that there was no material change in circumstances that adversely affected the children and therefore denied the request for change of custody. Additionally, the court found *406 that the oldest child was clearly emancipated after April 1997, and Robert was entitled to a reimbursement equal to one-third of each and every monthly child support payment from the months of May through October 1997. The chancery court also determined that the provision in the child support order calling for "25 percent of his adjusted gross income, whichever is greater," is an unenforceable escalation clause. The court denied the request for a finding of contempt and the request for attorney fees. Feeling aggrieved, Sherri has filed this appeal.
ARGUMENT AND DISCUSSION OF LAW
I. WHETHER THE CHANCELLOR WAS MANIFESTLY IN ERROR AND APPLIED AN ERRONEOUS LEGAL STANDARD IN FINDING THE COURT'S PREVIOUS ORDER FOR CHILD SUPPORT TO BE AN UNENFORCEABLE ESCALATION CLAUSE
II. WHETHER THE CHANCELLOR WAS MANIFESTLY IN ERROR FOR FAILING TO FIND APPELLEE IN CONTEMPT OF COURT FOR FAILURE TO PAY CHILD SUPPORT AS ORDERED AND IN FAILING TO AWARD APPELLANT A JUDGMENT FOR PAST DUE SUPPORT
III. WHETHER THE CHANCELLOR WAS MANIFESTLY IN ERROR IN FAILING TO AWARD ATTORNEY FEES TO APPELLANT
¶ 4. Since these issues deal directly with the chancellor's findings about the escalation clause, we will discuss them together. Sherri appeals arguing that the 1995 court order for child support was an enforceable escalation clause. Specifically, Sherri argues that because Robert failed to pay the sum of twenty-five percent of his adjusted grossly income as outlined in the escalation clause, he should be held in contempt of court for failure to pay child support. Additionally, Sherri argues that if Robert is found to be in contempt of the court order, she is entitled to attorney fees. Robert contends that the court correctly held the escalation clause to be unenforceable, and he argues that he should not be held in contempt or be required to pay Sherri's attorney fees.
¶ 5. Our scope of review in domestic relations matters is limited. The Mississippi Supreme Court has held that, on appellate review, a chancellor's findings of fact will not be disturbed if substantial evidence supports those factual findings Brooks v. Brooks, 652 So.2d 1113, 1124 (Miss.1995). In a domestic relations context, this Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong or clearly erroneous, or if an erroneous legal standard was applied. Setser v. Piazza, 644 So.2d 1211, 1215 (Miss.1994). This Court is required to respect a chancellor's findings of fact that are supported by credible evidence particularly in the areas of divorce and child support. Steen v. Steen, 641 So.2d 1167, 1169 (Miss.1994). Where evidence conflicts, the Mississippi Supreme Court typically defers to the chancellor as fact finder. Morrow v. Morrow, 591 So.2d 829, 832 (Miss.1991); McElhaney v. City of Horn Lake, 501 So.2d 401, 403 (Miss.1987). We have reviewed the record and are satisfied that the chancellor's findings of fact were supported by substantial, credible evidence.

Did the chancellor err in finding the escalation clause to be unenforceable?
¶ 6. Sherri argues that the provision calling for a child support obligation of "$100.00 per month, per child, for a total of $300.00 per month for the support and maintenance of the parties minor children or 25 percent of his adjusted gross income, whichever is greater," is an enforceable escalation clause. To be enforceable, an escalation clause must be tied to (1) the inflation rate, (2) the non-custodial parent's increase or decrease in income, (3) the child's expenses, and (4) the custodial *407 parent's separate income. Tedford v. Dempsey, 437 So.2d 410, 419 (Miss.1983). Also, an escalation clause that is uncertain and indefinite with regard to escalation each year and based solely on net pay is void. Bruce v. Bruce, 687 So.2d 1199, 1202 (Miss.1996).
¶ 7. In this case, the chancellor found that the twenty-five percent assessment of child support was uncertain and indefinite with regard to escalation and based solely on the net pay of Robert. The chancellor held the escalation clause to be unenforceable because it was based on only one of the factors set out in Tedford. Recently, the Mississippi Supreme Court has stated that to be enforceable an escalation clause "must be associated with" these four factors. Bruce v. Bruce, 687 So.2d 1199, 1202 (Miss.1996). Furthermore, the Mississippi Supreme Court has held that "these factors channel the escalation clause to relate to the non-custodial parent's ability to pay and the needs of the child. An automatic adjustment clause without regard to all of the above factors runs the risk of overemphasizing one side of the support equation." Wing v. Wing, 549 So.2d 944, 947 (Miss.1989); Gillespie v. Gillespie, 594 So.2d 620, 623 (Miss.1992); Morris v. Stacy, 641 So.2d 1194, 1201 (Miss.1994).
¶ 8. It is apparent that the chancellor considered the Tedford factors and determined that the escalation clause is related only to Robert's adjusted gross income. The clause is not tied to Sherri's income or the children's needs. There is substantial evidence to support the chancellor's decision. Sherri has failed to prove that the chancellor was manifestly wrong or clearly erroneous. This issue is without merit.

Did the chancellor err for failing to find appellee in contempt?
¶ 9. Sherri also contends that Robert should be held in contempt for failure to pay child support, and she is therefore entitled to attorney fees. A citation for contempt is determined upon the facts of each case and is a matter for the trier of fact. Milam v. Milam, 509 So.2d 864, 866 (Miss.1987). A citation is proper when "the contemner has willfully and deliberately ignored the order or the court." Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss.1997). Contempt matters are committed to the substantial discretion of the trial court, and we will not reverse where the chancellor's findings are supported by substantial credible evidence. Caldwell v. Caldwell, 579 So.2d 543, 545 (Miss.1991). The chancellor found that the escalation clause was unenforceable and Robert was not in contempt for his failure to pay twenty-five percent of his adjusted gross income. Additionally, the chancellor found that Robert, through an automatic withholding order, did pay $300 in child support on a monthly basis. The chancery court held that the escalation clause was unenforceable, and Robert was not in contempt for failure to pay child support. There is substantial evidence to support the chancellor's findings, and there is no basis for holding Robert in contempt. This issue is without merit.

Did the chancellor err for failing to award attorney fees to appellant?
¶ 10. Sherri further argues that she is entitled to attorney fees. The award of attorney fees is generally left to the discretion of the chancellor. Brooks v. Brooks, 652 So.2d 1113, 1120 (Miss.1995). The Mississippi Supreme Court, however, has held that "if a party is able to pay attorney fees, [the] award of attorney's fees is not appropriate." Martin v. Martin, 566 So.2d 704, 707 (Miss.1990). On the other hand, in Morreale v. Morreale, 646 So.2d 1264, 1271 (Miss.1994), the supreme court held that the chancellor had abused his discretion in failing to award attorney's fees to the ex-wife since the exhusband was found to be in willful contempt. Sherri argues that Robert is in wilful contempt of the child support order by failing to pay twenty-five percent of his adjusted gross income. The chancellor found the escalation clause to be unenforceable and did not award Sherri attorney fees. The chancellor also stated that *408 there was no evidence that either party was unable to pay attorney fees. Accordingly, we find that there is substantial evidence to support the chancellor's findings, and he did not abuse his discretion in not awarding Sherri attorney fees. This issue is without merit.

IV. WHETHER THE CHANCELLOR WAS MANIFESTLY IN ERROR IN DECLARING THE OLDEST CHILD TO BE EMANCIPATED IN APRIL 1997 AND IN ORDERING APPELLANT TO REIMBURSE CHILD SUPPORT
¶ 11. Sherri appeals arguing that the oldest child, Christie Alicia Ligon (Christie), did not become emancipated until August 1997. Specifically, Sherri argues that Christie did not obtain full time employment and did not establish independent living arrangements until August 1997. The chancellor found that Christie became emancipated from and after the month of April 1997. The chancery court ordered Sherri to reimburse Robert one-third of every child support payment for the months of May through October 1997.
¶ 12. A chancellor has wide discretion in the areas of divorce and child support, and this Court is required to respect a chancellor's findings of fact that are supported by credible evidence. Steen v. Steen, 641 So.2d 1167, 1169 (Miss.1994). Mississippi Code Annotated § 93-5-23 (Supp.1998) sets forth guidelines to determine the emancipation of a minor child. The court can determine emancipation has occurred and no support obligation exists when the child:
(a) attains the age of 21 years or (b) marries or (c) discontinues full-time enrollment in school and obtains full-time employment prior to the age of attaining 21 years, or (d) voluntarily moves from the home of the custodial parent or guardian and establishes independent living arrangements and obtains full-time employment prior to attaining the age of 21 years.
Miss.Code Ann. § 93-5-23 (Supp.1998).
¶ 13. In this case, the chancellor found that the child had discontinued full-time enrollment in school and at that time had obtained full-time employment. The chancellor further found that although the child was living in the custodial home, she had established independent living arrangements because Sherri had moved from the area and returned to the state of Mississippi. Sherri contends that Christie was not emancipated in April 1997. Sherri argues that she owned the condominium that Christie was living in and that she continued making payments on the mortgage until August 1997. It is apparent from the record that Christie was not enrolled in full-time school. The record also shows that in April 1997, Christie was employed and that she was living independently from Sherri. It is also apparent from the record that Sherri moved to Mississippi and that Christie continued to live in Virginia with no intentions of ever moving to Mississippi with Sherri. The chancellor found that Christie was emancipated in April 1997 and there is substantial evidence to support his finding. Accordingly, the chancellor did not err in ordering Sherri to reimburse child support for the months of May through October 1997. This issue is without merit.
¶ 14. Finding no merit to the issues argued by the appellant, this Court affirms the findings of the chancellor.
¶ 15. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] The initiation of such actions should be by filing "complaints" or "petitions" and "counter-claims" or "cross-claims" (whichever might be appropriate), not cross-petitions. See M.R.C.P. 81(f) and comments to 81(f). In this case, the appellant incorrectly labeled a counter-claim as a crosspetition. Additionally, the appellee incorrectly labeled a petition for modification of custody as a petition for change of custody.