MYERS, J.,
for the Court:
¶ 1. On January 13, 2000, an order was entered in the Chancery Court of Alcorn County, with Honorable Judge Jacqueline Estes Mask presiding, wherein the court found that the “adjusted gross income” of William E. Bustin, Jr. included the housing allowance he received from his church employer in addition to his wage and salary. The court refused William’s request for a reduction in the amount of child support owed each month to Sue for their two daughters even though there has been an addition of three children in his new family. William Bustin, Jr. appeals on the two following issues.
1. Whether the lower court erred in denying Mr. Bustin’s Motion to Modify the amount of monthly child support based on the existence of his additional children subsequent to the final judgment of divorce.
2. Whether the lower court erred in its interpretation of Miss.Code Ann. § 43-19-101(3) and in its interpretation and/or modification of the Final Judgment of Divorce which includes the church supplied housing allowance as “adjusted gross income” for the purposes of calculating monthly child support.
FACTS
¶ 2. Sue L. Bustin and William E. Bus-tin, Jr. were married on March 5, 1983, with two daughters being born during the marriage. In December 1996, Sue and William filed a joint complaint for divorce. A final judgment was entered by Chancellor Timothy Ervin which included the agreed separation agreement and property settlement contract. William was not represented by counsel but Sue was represented by counsel and her counsel prepared the documentation. William was ordered to pay the statutory amount of twenty-percent of his adjusted gross income as child support.[1] At some point during the next several years, William was promoted to a pastor position within his church that afforded him a housing allowance as part of his salary package. This housing allowance was $1,500 per month and was dispensed directly to William in the form of a' check each month. His salary during the same time was $25,000 per year.
¶ 3. In June of 1998 William filed a “Motion to Modify, for Contempt and for Sanctions.” In that document he asked for modifications in the insurance and child support sections of the child support agreement. He claimed that Sue would not provide certain necessary information regarding medical benefits. He also asked that the court reduce his child support payments to Sue because he adopted his new wife’s child. At the time of appeal, he and his new wife had another child and another on the way. Sue in turn filed a motion to modify and contempt against William alleging that he was in arrears in child support. William filed his reply and supplementation to his original motion. It is quite clear from the language used and *1138 the seemingly endless allegations in these original court documents and the briefs of each party, that they do not have a civil and mature relationship with one another.
STANDARD OF REVIEW
¶ 4. The findings of fact made by a chancellor will not be disturbed if these findings are supported by substantial evidence or unless the chancellor’s findings were manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Turpin v. Turpin, 699 So.2d 560, 564 (Miss.1997). However, our review is de novo in matters of law. If we find that a chancellor applied an incorrect legal standard, then we must reverse the decision. Morreale v. Morreale, 646 So.2d 1264, 1267 (Miss.1994). “This Court is required to respect a chancellor’s findings of fact that are supported by credible evidence particularly in the areas of divorce and child support.” Ligon v. Ligon, 743 So.2d 404, 406(¶ 5) (Miss.Ct.App.1999) (citing Steen v. Steen, 641 So.2d 1167, 1169 (Miss.1994)).
DISCUSSION
1. Whether the lower court erred in denying Mr. Bustin’s Motion to Modify the amount of monthly child support based on the existence of his additional children subsequent to the final judgment of divorce.
¶ 5. In trying to decipher the many accusations, details and variables in this case, this Court is faced with the obvious question of what entitles one to a modification in child support? The answer has long been held to be “a material change in circumstances of one of the parties.” Caldwell v. Caldwell, 579 So.2d 543, 547 (Miss.1991). There are several factors to be considered when determining a material change, which include:
(1) increased needs caused by advanced age and maturity of the child; (2) increase in expenses; (3) inflation factor; (4) the relative financial condition and earning capacity of the parties; (5) the health and special needs of the child, both physical and psychological; (6) the health and special needs of the parents, both physical and psychological; (7) the necessary living expenses of the payer; (8) the estimated amount of income taxes the respective parties must pay on their incomes; (9) the free use of a residence, furnishings, and automobile and (10) such other facts and circumstances that bear on the support subject shown by evidence.
Caldwell, 579 So.2d at 547.
¶ 6. William is offering the fact that he has adopted one child and sired two more since his divorce from Sue as his material change in circumstances. A recent decision by our state supreme court discredits this assertion. In Bailey v. Bailey, 724 So.2d 335, 338 (Miss.1998), the court held that the chancellor’s use of after born children as the basis for a reduction in child support is strictly in her discretion and that the rationale in Grace v. Department of Human Services., 687 So.2d 1232 (Miss.1997) was overruled.[2] Bailey, 724 So.2d at 338.
*1139 The problem with this line of reasoning is that it quite literally allows the noncustodial parent to sire himself out of his child support obligation. Under the rationale in Grace, a non-custodial parent may continue to conceive additional children to the detriment of his already existent children. We do not believe that the Mississippi Legislature intended such a result. To the extent that it holds otherwise, we overrule our prior decision in Grace. Where, as here, the non-custodial parent decides to have additional children, she should not be relieved of her prior obligation to the children from her previous marriage.
[[Image here]]
The real change in this case is the addition of a new child.... We do not agree that having a new baby reasonably affects [ones] ability to abide by the original child support agreement indefinitely.
Bailey, 724 So.2d at 339.
¶ 7. According to the holding in Bailey, the chancellor’s decision regarding the denial of the motion to modify child support was sound and a correct application of the law in this state. In addition we find no error in the chancellor’s inclusion of William’s housing allowance from his employer in her calculation of the appropriate amount of child support to be paid by him. This issue is without merit.
2. Whether the lower court erred in its interpretation of Miss.Code Ann. § 43-19-101(3) and in its interpretation and/or modification of the Final Judgment of Divorce which includes the church supplied housing allowance as “adjusted gross income” for the purposes of calculating monthly child support.
¶ 8. Mississippi Code Annotated § 43-19-101(3)(Rev.2000) provides the mechanism for calculating one’s adjusted gross income for the purposes of child support payments.
(a) Determine gross income from all potential sources that may reasonably be expected to be available to the absent parent including, but not limited to, the following: wages and salary income; income from self employment; income from commissions; income from investments, including dividends, interest income and income on any trust account or property, absent parent’s portion of any joint income of both parent; workers’ compensation, disability, unemployment, annuity and retirement benefits, including an individual retirement account (IRA);any other payments made by any person, private entity, federal or state government or any unit of local government; alimony; any income earned from an interest in or from inherited property; any other form of earned income; and gross income shall exclude any monetary benefits derived from a second household, such as income of the absent parent’s current spouse; (b) Subtract the following legally mandated deductions: (i) Federal, state and local taxes. Contributions to the payment of taxes over and beyond the actual liability for the taxable year shall not be considered a mandatory deduction; (ii) Social security contributions; (iii)Retirement and disability contributions except any voluntary retirement and disability contributions;
[[Image here]]
(d) If the absent parent is also the parent of another child or other children residing with him, then the court may subtract an amount that it deems appropriate to account for the needs of said child or children;
Id. (emphasis added).
¶ 9. After including and excluding all of the components for adjusted gross income, *1140 the statute then divides the total adjusted gross income by twelve to obtain the monthly adjusted gross income. Mississippi Code Annotated § 43-19-101(3)(e)(Rev,2000). To compute the amount of child support payments to be made, chancellors must multiply the monthly adjusted gross income figure with the appropriate statutory percentage with the sum being the amount to be paid for support. Id.
¶ 10. It appears from a plain reading of the text that the statute addresses the issue of income and what is included when tabulating child support. The phrase “any other form of earned income” would seem to include items in a person’s salary package. William is given that housing allowance as part of his salary from the church. If William went to a bank tomorrow and applied for a loan, he would most definitely list his housing allowance as income in order to show that he would be able to repay his loan. Salary from one’s employer is one of the key elements when estimating everything from income taxes to interest rates on a bank loan.
¶ 11. Moreover, computing one’s income for taxation is different than computing one’s income for child support purposes. Our state must protect the best interests of the child. One of the ways Mississippi accomplishes that goal is child support enforcement through statutes. Our statutes delineate what is to be considered as gross income for the purposes of computing child support. This issue is also without merit.
¶ 12. Finding no merit in either of William’s arguments, we affirm the holding of the chancery court.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF ALCORN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING AND CHANDLER, JJ., CONCUR.

. Miss.Code Ann. § 43-19-101 (Rev.2000) directs that child support shall be provided based on a percentage of the adjusted gross income and the number of children. One child equals a payment of 14% of the adjusted gross income, two children equal 20%, three children equal 22%, four equal 24% and five or more equal 26% of the non-custodial parent’s adjusted gross income. Miss.Code Ann. § 43-19-101 (Rev.2000).

. In Grace v. Department of Human Services, 687 So.2d 1232 (Miss.1997) the court held that a chancellor should bear in mind the children residing with the obligee when deciding child support for the children not residing with that parent. The other children residing with the non-custodial parent should be considered as a deduction by the lower court per Miss.Code Ann. § 43 — 19—101 (3)(d) (Rev.2000) which provides that if the absent parent is also the parent of another child residing with him, the court may subtract an amount for that child's needs.